# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br>Timing Advance "True Call" area search for all records and unique device/user identifiers pertaining to Timing Advance location information during the dates, times, and/or geographical boundaries listed in Attachment A | Case No. 24-874M(NJ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the    Eastern    District of    Wisconsin
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before 7/8/2024    *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    xx☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Honorable Nancy Joseph   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
    ☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: June 24, 2024 @ 8:46 a.m.

*Judge's signature*

City and state:    Milwaukee, WI      Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                                          _____
                                          *Executing officer's signature*

                                          _____
                                          *Printed name and title*

# ATTACHMENT A

## Property to Be Searched

This warrant applies to a Timing Advance "True Call" area search for all records and unique device/user identifiers pertaining to Timing Advance location information during the following listed dates, times, and/or geographical boundaries (*distance from the GPS points*):

1. <u>Device #1:</u>

    IMEI #350182015213236 belonging to 2023 Toyota Camry bearing VIN #4T1G11AK4PU760822, on April 27, 2024, from 3:00 AM until 7:20 AM.

# ATTACHMENT B

## Items and Information to be Seized and Searched

All information that constitutes evidence of a violation of Title 18 U.S.C. § 2119 Carjacking. committed on April 27, 2024, involving unknown persons, including location information and identifying information as specified below.

1. **AT&T** shall provide responsive data for each device described in Attachment A, and are required to disclose to the United States all records and other information (not including the contents of communications) about all communications made and all cellular device interactions with the network that have generated location information that falls within the defined search area during the corresponding timeframe(s) listed in Attachment A, including records that identify:

 a. the location for each specified wireless device that generated a Timing Advance "True Call" record, including International Mobile Subscriber Identifiers ("IMSI"), International Mobile Equipment Identities ("IMEI");

 b. the starting and ending date/time of the connection along with the duration;

 c. for each communication with the network the tower and the "sector(s)" (i.e. the face(s) of the tower(s)) that received a radio signal from the locally served wireless device for both starting and ending points of the communication;

 d. the service type for the communication; and,

 e. the estimated latitude and longitude (along with confidence level) and the distance from the tower for both the starting and ending points of the communication contained within the Timing Advance "True Call" records.

2. These records should include records about communications and cellular device interactions with the network that were initiated before or terminated after the timeframe(s) identified in Attachment A if some part of the communication occurred during the relevant timeframe(s) listed in Attachment A.

    a. Devices whose cellular network records; including distance from the tower and/or network derived latitude and longitude; are consistent with the facts of the investigation and would not solely reflect a device passing through.

3. However, it is noted that no subscriber information (including but not limited to name or phone number associated with the identifiers) or location information outside the initial search criteria is authorized by this warrant and additional legal process will be submitted.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
                                                ) Case No. 24-874M(NJ)
Timing Advance "True Call" area search for all records and )
unique device/user identifiers pertaining to Timing Advance )
location information during the dates, times, and/or geographical )
boundaries listed in Attachment A )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the    Eastern    District of    Wisconsin   , there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2119(1) and 2(a) | Carjacking |
| 18 U.S.C. §924(c)(1)(A)(ii) | Brandishing a Firearm During and In Relation to a a Crime of Violence |

The application is based on these facts:
Please see Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

                                                             PAUL KOZELEK   Digitally signed by PAUL KOZELEK
                                                                                Date: 2024.06.21 09:39:53 -05'00'

*Applicant's signature*

Paul Kozelek, Special Agent - ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by    telephone    *(specify reliable electronic means)*.

Date: 6/24/2024 @8:47 a.m.

*Judge's signature*

City and state:   Milwaukee, WI                                       Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Paul Kozelek, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for records and information associated with certain cellular towers ("cell towers") and records generated by the cellular network that are in the possession, custody, and/or control of the following company(s): (1) AT&T, a cellular service provider headquartered at 11760 U.S. Highway 1 North Palm Beach, FL 33408. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require AT&T to disclose to the government copies of the information further described in Attachment B.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since January of 2020. Prior to my employment with ATF, I was a Sheriff's Deputy with the Jackson County Sheriff's Office in Black River Falls, WI. My duties included patrol, drafting and executing search warrants, and investigations related to state and county criminal violations. Previous to my tenure with the Jackson County Sheriff's Office, I served with the United State Marine Corps from 2004 until 2008, and the United States Marine Corps Reserve from 2011 until 2014. I left the Marine Corps as an E6/Staff Sergeant holding the billet of Platoon Commander. I received my bachelor's degree in Criminal Justice Administration from Viterbo University, La Crosse, WI in 2016.

3. I have completed approximately 26 weeks of training at the Federal Law Enforcement Training Center in Glynco, Georgia, as well as the ATF National Academy. That training included various legal courses related to constitutional law as well as search and seizure

authority. Additionally, I have received training on how to conduct various tasks associated with criminal investigations, such as interviewing, surveillance, and evidence collection.

4. I have previously applied for and received search warrants related to cell site data and other related cellphone company records.

5. This affidavit is based upon my personal knowledge as well as information provided to me by other federal, state, and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. This affidavit is also based upon information gathered from interviews of citizen witnesses, reports, official records, law enforcement reports, and my training and experience.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18 U.S.C. §§ 2119 (motor vehicle robbery/carjacking) and 924(c) (brandishing a firearm during a crime of violence) have been committed by multiple unknown individuals. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

## **PROBABLE CAUSE**

7. Your Affiant reviewed Milwaukee Police Department report #C2404270032. Your affiant is aware that on April 27, 2024, at approximately 4:00 AM the victim identified as A.W. (F/B DOB XX/XX/1999) left her place of work at the Potawatomi Casino located at 1721 W. Canal St. in the City of Milwaukee. A.W. drove to her residence and parked in front of 2298 W. Kilbourn Ave at approximately 4:06 AM. A.W. told police she fell asleep in the driver seat of her vehicle. At 5:00 AM, she was awoken by Suspect 1 and Suspect 2 opening the doors of her vehicle. A.W. stated a black male wearing a facemask and holding a handgun demanded she exit the vehicle, while Suspect 2 opened the rear passenger door, also masked and holding a handgun.

2

A.W. exited her vehicle and Suspect 1 entered the driver seat while Suspect 2 entered the front passenger seat and drove off with the vehicle. A.W. immediately called police to report the incident.

The vehicle was described as a 2023 Toyota Camry, silver in color bearing Wyoming license plate 019219, VIN #4T1G11AK4PU760822 (Device 1). This vehicle was rented from Enterprise Rent-A-Car. A.W. contacted Enterprise and was given location information for the vehicle. At 7:20 AM officers were notified the vehicle was parked behind 4801 W. Hampton Ave in Milwaukee. This address is a 12-unit apartment building. Officers arrived and located the vehicle parked in the rear parking lot for the building. Officers canvased the apartment building and spoke with several tenants. As officers were outside the building, they could hear a male and female inside of apartment one though an open window. When officers tried to get their attention to open the locked outer door to the building, they shut the window. When officers did get inside, they knocked on apartment one whose door was partially open. A female with bright pink hair answered but the male told her to close the door. A few minutes later the male and female exited apartment one and officers approached. The male denied knowing about the stolen vehicle and did not have any information, then the two quickly left.

8. Later, as the vehicle was being towed, a female who identified herself to officers as T.S. (F/B DOB XX/XX/1973) asked why the vehicle was being towed and stated "they just moved in." Upon questioning T.S. stated at about 7:00 AM that morning she was in the parking lot and saw the male exit the driver seat and female "with pink hair" exit the passenger seat of the vehicle. Officers showed body camera footage to T.S. who confirmed it was the male and female from apartment one.

9. The vehicle was processed by Milwaukee Police Department (MPD) and three latent prints were lifted. One of these prints was a palm print from the exterior of the passenger side rear window. This matched to Anthony T. TATE (M/B DOB XX/XX/2000). A review of TATE's criminal history showed a felony conviction on October 24, 2018, Waukesha Co. case #2018CF001101 for drive/operate vehicle without owner's consent, and on April 21, 2022, Milwaukee Co. case #22020CF002387 robbery with threat of force.

10. On May 28, 2024, a federal Grand Jury subpoena was issued to Toyota Motor North America Inc. seeking the International Mobile Equipment Identity (IMEI) number for the Toyota Camry bearing VIN #4T1G11AK4PU760822. On June 6, 2024, SA Kozelek received a reply from Toyota Motor North America Inc. showing the IMEI number to be 350182015213236. In my training and experience, identifying the location of the stolen vehicle during the time frame of the theft will aid in identifying the identities of Suspect 1 and Suspect 2.

## Conclusion

11. In my training and experience, I have learned that AT&T is a company that provides cellular communications service to the general public. In order to provide this service, many cellular service providers maintain antenna towers ("cell towers") that serve and provide cellular service to specific geographic areas. Each cell tower receives signals from wireless devices, such as cellular phones, in its general vicinity. By communicating with a cell tower, a wireless device can transmit and receive communications, such as phone calls, text messages, and other data. When sending or receiving communications, a cellular device does not always utilize the cell tower that is closest to it. Additionally, cellular service providers also capture historical location data that is generated and derived from a cellular device's interaction with the cellular network. This

information may include but not be limited to a cellular device's estimate distance from a particular cell tower and the provider's network derived location of the device in latitude and longitude.

12. Based on my training and experience, I also know that each cellular device is identified by one or more unique identifiers. For example, with respect to a cellular phone, the phone will be assigned both a unique telephone number but also one or more other identifiers such as an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The types of identifiers assigned to a given cellular device are dependent on the device and the cellular network on which it operates.

13. Based on my training and experience, I know that cellular providers, such as AT&T routinely and in their regular course of business maintain historical cell-tower log information, including records identifying wireless communications that were transmitted through a particular cell tower. For each communication, these records may include the telephone call number and unique identifiers for the wireless device that sent or received the communication ("the locally served wireless device"); the source and destination telephone numbers associated with the communication (including the number of the telephone that called or was called by the locally served wireless device); the date, time, and duration of the communication; the cell tower(s) that handled the communication as well as the "sectors" (i.e. the faces of the towers) that received a radio signal from the locally served wireless device; and the type of communication transmitted (such as phone call or text message).

14. Furthermore, cellular providers such as AT&T in their regular course of business maintain certain types of location data associated with a cellular device based on that cellular device's interaction with the cellular network. For these interactions with the cellular network these records may include unique identifiers for the wireless device that interacted with the network ("the locally served wireless device'); the date, time and duration of the interaction with the network; the cell tower and sector (i.e. face of the tower) that was involved; the estimated distance from the tower and sector that the cellular device was located; and the estimated latitude and longitude of the cellular device. The aforementioned location information is often contained within Timing Advance data, also known as True Call, that is captured and controlled by cellphone service providers.

15. Based on my training and experience and the above facts, information obtained from cellular service providers such as AT&T reveal cell towers (and, where applicable, sector) that were used and the estimated location information (the estimated distance from the tower and sector and estimated latitude and longitude) of a given cellular device to engaged in a particular communication or interaction with the cellular network can be used to show that the device was in the general vicinity of the cell tower or an estimated location at the time the communication or network interaction occurred. Thus, the records described in Attachment A will identify the location of the following device:

    a. 2023 Toyota Camry bearing VIN #4T1G11AK4PU760822, IMEI #350182015213236 on April 27, 2024, from 3:00 AM until 7:20 AM.

6

16. Probable cause exists to believe that the records requested contain evidence related to identifying the unknown individuals who committed violations of Title 18 U.S.C. §§ 2119 (motor vehicle robbery/carjacking) and 924(c) (brandishing a firearm during a crime of violence).

## AUTHORIZATION REQUEST

17. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

18. I further request that the Court direct AT&T to disclose to the government any information described in Attachment B that is within its possession, custody, or control. Because the warrant will be served on AT&T who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

19. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

**ATTACHMENT A**

**Property to Be Searched**

This warrant applies to a Timing Advance "True Call" area search for all records and unique device/user identifiers pertaining to Timing Advance location information during the following listed dates, times, and/or geographical boundaries (*distance from the GPS points*):

1. <u>Device #1:</u>

IMEI #350182015213236 belonging to 2023 Toyota Camry bearing VIN #4T1G11AK4PU760822, on April 27, 2024, from 3:00 AM until 7:20 AM.

# ATTACHMENT B

## Items and Information to be Seized and Searched

All information that constitutes evidence of a violation of Title 18 U.S.C. § 2119 Carjacking. committed on April 27, 2024, involving unknown persons, including location information and identifying information as specified below.

1. **AT&T** shall provide responsive data for each device described in Attachment A, and are required to disclose to the United States all records and other information (not including the contents of communications) about all communications made and all cellular device interactions with the network that have generated location information that falls within the defined search area during the corresponding timeframe(s) listed in Attachment A, including records that identify:

    a. the location for each specified wireless device that generated a Timing Advance "True Call" record, including International Mobile Subscriber Identifiers ("IMSI"), International Mobile Equipment Identities ("IMEI");

    b. the starting and ending date/time of the connection along with the duration;

    c. for each communication with the network the tower and the "sector(s)" (i.e. the face(s) of the tower(s)) that received a radio signal from the locally served wireless device for both starting and ending points of the communication;

    d. the service type for the communication; and,

    e. the estimated latitude and longitude (along with confidence level) and the distance from the tower for both the starting and ending points of the communication contained within the Timing Advance "True Call" records.

9

2. These records should include records about communications and cellular device interactions with the network that were initiated before or terminated after the timeframe(s) identified in Attachment A if some part of the communication occurred during the relevant timeframe(s) listed in Attachment A.

    a. Devices whose cellular network records; including distance from the tower and/or network derived latitude and longitude; are consistent with the facts of the investigation and would not solely reflect a device passing through.

3. However, it is noted that no subscriber information (including but not limited to name or phone number associated with the identifiers) or location information outside the initial search criteria is authorized by this warrant and additional legal process will be submitted.